UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07540 CAS (PJWx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Christi Diane Barsekian v. First American Loanstar Trustee Services, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   (In Chambers:) DEFENDANT CHASE HOME FINANCE'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT (Filed 11/21/08)

(In Chambers:) DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF (filed 12/15/08)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 12, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

On October 16, 2008, plaintiff filed the instant action in Los Angeles County Superior Court against defendants First American Loanstar Trustee Services ("Loanstar"), Chase Home Finance LLC ("Chase"), and Does 1-50. On November 14, 2008, defendants removed the instant action to this Court.

In her complaint, plaintiff alleges that defendants Chase and Does 1-50 are proceedings toward a Trustee's sale of her real property located at 537 North Orah Avenue in Montebello, California (the "Orah property"). Compl. ¶ 5. Plaintiff alleges that defendant Chase is not the holder of the note identified in the security instrument, and is not in possession of a note properly endorsed to it, and therefore has no right to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07540 CAS (PJWx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Christi Diane Barsekian v. First American Loanstar Trustee Services, et al. | | |

initiate foreclosure proceedings or to direct defendant Loanstar to foreclose on the Orah property.  Compl. ¶ 7.  Plaintiff alleges claims for (1) unfair debt collection practices; (2) predatory lending practices; and (3) Racketeer Influenced and Corrupt Organizations Act ("RICO") violations.

On November 21, 2008, defendant Chase filed the instant motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement.  On December 15, 2008, defendant Loanstar filed the instant motion to dismiss plaintiff's complaint.  On December 26, 2008, plaintiff filed a notice of non-opposition to Loanstar's motion, and requested leave to amend the complaint.  Plaintiff did not file an opposition to Chase's motion. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.     DISCUSSION**

Chase argues that plaintiff has failed to allege sufficient facts to support her claims for unfair debt collection practices, predatory lending practices, and RICO violations.  Specifically, Chase argues that although it is not the holder of the deed of trust, Chase nevertheless had the authority to instruct the foreclosure trustee to commence foreclosure, because it is the servicing agent of the beneficiary of the DOT.  Mot. at 5, citing Cal. Civ. Code §§ 2924(a)(1) (indicating that the foreclosure process may be conducted by the "trustee, mortgagee, or beneficiary, or any of their authorized agents").  Chase further argues that plaintiff has failed to provide a single allegation of practices by Chase that could be deemed predatory, and that plaintiff has failed to a sufficiently allege a "pattern of racketeering activity" as required for a RICO claim.  Sedima, S.P.R.L v. Imrex Co., 473 U.S. 479, 496.

Loanstar argues that plaintiff cannot state a claim for unfair debt collection practices against Loanstar, because the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA") do not apply to defendant as a trustee.  Mot. at 7-10.  Furthermore, Loanstar argues that defendant has failed to plead any predatory lending practices conducted by Loanstar and has failed to plead a proper claim under RICO.  Mot. at 10, 12.

Under Local Rule 7-12, the failure to file an opposition may be deemed consent to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07540 CAS (PJWx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Christi Diane Barsekian v. First American Loanstar Trustee Services, et al. | | |

the granting of the motion. In light of the issues raised by defendants and the fact that plaintiff does not oppose these motions, the Court finds granting Chase's and Loanstar's motions to be appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Chase's and Loanstar's motions to dismiss plaintiff's complaint. Furthermore, the Court notes that if plaintiff seeks to amend her RICO claim, she must comply with the Court's RICO case statement, which is appended as Exhibit A to this order. Plaintiff is hereby granted twenty (20) days in which to amend her complaint. Failure to amend will result in dismissal of plaintiff's complaint with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

# Exhibit A

Plaintiff shall file, within twenty (20) days hereof, a RICO case statement. If plaintiff does not file and serve a RICO case statement within twenty (20) days hereof, this will be deemed plaintiff's withdrawal of the RICO claim. If plaintiff files a RICO case statement within twenty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;
    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
    d. State whether there has been a criminal conviction for violation of the predicate acts;
    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;

      f.      Describe how the predicate acts form a "pattern of racketeering activity"; and

      g.      State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.      Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

      a.      State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

      b.      Describe the structure, purpose, function and course of conduct of the enterprise;

      c.      State whether any defendants are employees, officers or directors of the alleged enterprise;

      d.      State whether any defendants are associated with the alleged enterprise;

      e.      State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

      f.      If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.      State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.      Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.      Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.      Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.      If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.      State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.      Describe the use or investment of such income.

12.    If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.    If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.      State who is employed by or associated with the enterprise; and
      b.      State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.    If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.    Describe the alleged injury to business or property.

16.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.    List the damages sustained for which each defendant is allegedly liable.