Mitchell W. Roth, SBN 77962
Email: mwroth@mwroth.com
MW ROTH, PLC
13245 Riverside Drive, Ste. 320
Sherman Oaks, CA 91423
Telephone: (818) 989-7888
Fax: (323) 372-3547

Attorneys for Plaintiff,
CHRISTI DIANE BARSEKIAN
1017/869

FILED
2009 JAN 21 PM 4:20
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTI DIANE BARSEKIAN,

Plaintiff,

vs.

FIRST AMERICAN LOANSTAR SERVICE; CHASE HOME FINANCE, LLC, and DOES 1 - 10, inclusive.,

Defendants.

Case No. CV08-7540 CAS (PJWx)

FIRST AMENDED COMPLAINT FOR:

1. FRAUDULENT MISREPRESENTATION
2. FRAUDULENT INDUCEMENT
3. UNFAIR DEBT COLLECTION PRACTICES
4. PREDATORY LENDING PRACTICES
5. QUIET TITLE
6. DECLARATORY RELIEF
7. INJUNCTIVE RELIEF
8. ACCOUNTING

AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTI DIANE BARSEKIAN alleges:

**PARTIES**

1. At all times mentioned herein, Plaintiff CHRISTI DIANE BARSEKIAN (hereinafter referred to as "Plaintiff") was and is a natural person residing in the County of Los Angeles and was the rightful owner in possession of that certain real property described as Lot 4, of Tract No. 15345, in the City of



MW ROTH, PLC

Montebello, County of Los Angeles, State of California, as per map recorded in Book 410 Page(s) 10 and 11 of maps, in the office of the County Recorder of said county, in the Office of the County Recorder of said County, also known as, Assessor's Parcel Number 5268-026-008. The property is commonly identified as 537 North Orah Avenue, Montebello, California 90640 (hereinafter the "Subject Property"). Plaintiff is a "consumer" as defined by Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.2

2. Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES (hereinafter "TRUSTEE") was and is a Corporation with its principal place of business in the County of Los Angeles and doing business in the State of California.

3. Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein defendant CHASE HOME FINANCE, LLC (hereinafter "BENEFICIARY") was and is a Corporation with its principle place of business in the County of Los Angeles and doing business in the State of California.

4. Plaintiff is informed and believes, and based thereon alleges that Does 1 – 10 are persons or entities whose names and capacities are unknown to Plaintiff. Plaintiff alleges that Does 1 - 10 are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege the true identities, capacities and roles of Does 1 – 10 as and when they are ascertained.

5. The real property, which is the subject of this action, is located within the Jurisdiction of this Court and therefore, venue is proper pursuant to California Code of Civil Procedure § 392.

**GENERAL ALLEGATIONS AS TO ALL CLAIMS**

**(AS TO ALL DEFENDANTS)**

6. On or about September 22, 2006, Plaintiff Christi Diane Barsekian



MW ROTH, PLC

purchased the Subject Property as her primary residence. WMC Mortgage Corp., the original lender, financed Plaintiff's purchase of the Property with one note in the amount of $481,000.00. The note was secured by a Deed of Trust recorded against the Subject Property on October 3, 2006.

7. Westwood Associates was the original Trustee under the Deed of Trust.

8. WMC Mortgage Corp. is named as the Lender in the Deed of Trust. However, the Deed of Trust states that Mortgage Electronic Registration Systems, Inc. ("MERS") is a "separate corporation that is **acting as a nominee for Lender and Lender's successors and assigns**. MERS is the beneficiary under this Security Instrument."

9. Plaintiff is informed and believes, and based thereon alleges that MERS is an entity set up by the mortgage industry to facilitate and to keep hidden the transfer of mortgages on the secondary mortgage market and save lenders the cost of recording assignments. Plaintiff is further informed and believes, and based thereon alleges that the purpose and effect of MERS is to prevent homeowners, such as Plaintiff, from knowing whether and to whom the notes have been assigned and who is the true beneficiary under the Deed of Trust.

10. Plaintiff is informed and believes, and based thereon alleges that MERS is neither a mortgage lender not does it own or have any beneficial interest in any note or mortgage.

11. On or about August 1, 2008, MERS recorded a Substitution of Trustee substituting Defendant First American Loanstar Trustee Services as Trustee in place of Westwood Associates.

12. Plaintiff is informed and believes, and based thereon alleges that on or about June 20, 2008, apparently at the direction of MERS on behalf of Defendant, DOE 1, TRUSTEE recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") against the Subject Property.

MW ROTH, PLC

13. The Notice of Default recorded by TRUSTEE advises Plaintiff as follows, in pertinent part

> "**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).
>
> This amount is **$12,131.12** as of **6/27/08** and will increase until your account becomes current."

14. Plaintiff is informed and believes, and based thereon alleges that on or about October 3, 2008, apparently at the direction of MERS on behalf of Defendant, DOE 1, TRUSTEE recorded a Notice of Trustee's Sale.

15. Plaintiff is informed and believes, and based thereon alleges that in engaging in the activities alleged herein, TRUSTEE was attempting to collect a "consumer debt" and was acting as a "debt collector" as those terms are defined under the Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 1788 et seq. respectively.

16. Plaintiff is informed and believes, and based thereon alleges that Defendants are not entitled to foreclose on the Deed of Trust recorded against the Subject Property because they are not and were not either: (a) the "holders" of a note that substantiates their alleged claim to an interest in the Subject Property that would afford them the right to foreclose; (b) a nonholder in possession of a note executed by Plaintiff who had the rights of a holder to foreclose on the Deed of Trust against the Subject Property; or (c) a person not in possession of a note that

NW ROTH. PLC

substantiates their claim to an interest in the Subject Property who was otherwise entitled to enforce the Deed of Trust under California law.

17. Plaintiff further alleges that Defendants do not have the right to direct TRUSTEE to foreclose on the Deed of Trust and sell the Subject Property owned by Plaintiff.

18. On or about September 23, 2008, Plaintiff, through her attorneys, demanded in writing that Defendant TRUSTEE suspend any foreclosure sale of the Subject Property unless and until TRUSTEE obtained and provided to Plaintiff proof that TRUSTEE or Does 1 – 10 had in their possession the original Note properly endorsed and or properly assigned to it as of a date preceding the date of the Notice of Default recorded by TRUSTEE.

19. TRUSTEE failed and refused to provide proof of DOES 1-10's right to initiate foreclosure as requested in the Demand although TRUSTEE was required to so under California Civil Code § 1788.17.

20. Although TRUSTEE was required to do so under the Rosenthal Fair Debt Collection Practices Act, California Civil Code§1788 et seq., TRUSTEE failed to provide the information requested. In fact, Defendants' response to the Demand, if any, has been so inadequate as to prevent Plaintiff from determining whether any or all of the charges included in their payoff demand were justified or proper.

21. Plaintiff is informed and believes, and based thereon alleges that Defendants and each of them, in initiating the foreclosure process without proper possession of a note that substantiates their claim to an interest in the Subject Property, proper endorsement of a note to them or any other legal right to foreclose in this case and with respect to many other trust deed instruments, engaged in a pattern and practice of utilizing the non-judicial foreclosure procedures of the State of California to foreclose on the Subject Property when they have no right to do so.

22. Plaintiff is further informed and believes, and based thereon alleges that Defendants, and each of them, have conducted themselves in the manner

MW ROTH, PLC

specified in this Complaint with the belief that the property owner affected did not have the knowledge and means to contest the right of said Defendants to do so.

23. As a result of Defendants' conduct as alleged herein, Plaintiff has been damaged in that she has lost her home and has had to hire attorneys to protect her rights and to bring this action to stop the wrongful acts of Defendants, and each of them. Plaintiff has retained M. W. Roth, PLC, a professional law corporation for the purpose of instituting this action and are therefore entitled to reasonable attorney's fees.

**FIRST CLAIM**

**FRAUDULENT MISREPRESENTATION**

**(AS TO ALL DEFENDANTS)**

24. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 23 of this Complaint as though fully set forth herein.

25. In pursuing non-judicial foreclosure, including, without limitation, recording the Notice of Default on June 20, 2008, and the Notice of Trustee's Sale on October 3, 2008, and mailing said notices to Plaintiff and others, Defendants and each of them, falsely represented that they had the right to payment under a note executed by Plaintiff in favor of the Original Lender, and further had the right to foreclose the Deed of Trust on the Subject Property and sell the Subject Property.

26. Plaintiff is informed and believes, and based thereon alleges that the true facts are that Defendants are not and were not in possession of a note secured by the Subject Property, nor are they holders of a note that substantiates their claim to an interest in the Subject Property or non-holders of a note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3301, 3309, and therefore the Defendants, and each of them, foreclosed non-judicially without a note secured by the Subject Property and thus, without right under law.

27. Plaintiff is informed and believes, and based thereon alleges that when Defendants, and each of them, misrepresented to Plaintiff and others that they had



MW ROTH, PLC

the right to foreclose on the Subject Property, they intended to either force Plaintiff to pay large sums of money to Defendants, and each of them, to which they were not entitled under the law, or to abandon the Subject Property to Defendants by not resisting the proposed foreclosure sale.

28. Plaintiff is further informed and believes, and based thereon alleges that in notices sent to Plaintiff in and around June 27, 2008 and October 3, 2008, Defendants, and each of them, falsely represented the payoff amount, if any, required to redeem the Subject Property from potential foreclosure by adding costs and charges to the payoff amount that were not justified and proper under the terms of a note that substantiates their alleged claim to an interest in the Subject Property or under applicable law.

29. Plaintiff reasonably relied on Defendants' representations regarding their right to foreclose and whether any money was owed to Defendants and, if so, how much.

30. In misrepresenting and inflating the amounts owed and the costs and charges necessary to redeem the Subject Property prior to foreclosure, Defendants and each of them, damaged Plaintiff in that they made it impossible for Plaintiff to determine the actual amounts due, if any, substantially decreased the likelihood that Plaintiff would be able to redeem the Subject Property and deterred other potential buyers who might have paid more for the Subject Property with the apparent intent to prevent Plaintiff from redeeming the property and to cause the Subject Property to revert to Defendants in the event it was sold at foreclosure.

31. Plaintiff alleges that the conduct of Defendants, and each of them, was egregious, oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiff's legal and property rights, entitling Plaintiff to actual and punitive and exemplary damages according to proof at trial.

///

MW ROTH, PLC

## SECOND CLAIM

## FRAUDULENT INDUCEMENT

## (AS TO DOES 1 TO 10)

32. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 31 of this Complaint as though fully set forth herein.

33. Plaintiff is informed and believes, and based thereon alleges that in or about September 22, 2006, Defendants, and each of them intentionally misrepresented to Plaintiff that her income would be sufficient to repay the loan for the purchase of the Subject Property for the sole purpose of inducing Plaintiff to accept the loan so that Defendants could obtain interest, fees and charges irrespective of Plaintiff's ability to repay the note with the knowledge that Defendants could either (a) pass the risk that Plaintiff would default to third parties or (b) recover possession of the Subject Property in the event Plaintiff defaulted.

34. Plaintiff is further informed and believes, and based thereon alleges that prior to granting Plaintiff the loan on or about September 22, 2006, Defendants, and each of them, failed to verify Plaintiff's ability to repay certain loans, and instead manufactured facts and figures, and documents to support granting Plaintiff the loan although Defendants knew that Plaintiff would be unable to repay the loan.

35. Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, originated the loans by lowering their own underwriting standards, in order that Plaintiff would be provided with funding knowing that it would become financially unbearable and burdensome to repay, causing Plaintiff to default on said loans and potentially lose her home to a non-judicial foreclosure sale.

36. Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, engaged in these unlawful actions to satisfy their own greed with the knowledge that they could then pass the risk of loss on to third parties or recover the Subject Property at foreclosure.



MW ROTH. PLC

37. Plaintiff justifiably relied on the misrepresentations of Defendants, and each of them, as to Plaintiff's qualifications for and ability to repay the loans based on their authority, positions, capacity, expertise, and in reliance thereupon has suffered damage and injury, including but not limited to, the potential loss of her home to a non-judicial foreclosure sale.

38. Plaintiff alleges that the conduct of Defendants, and each of them, was egregious, oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiff's legal and property rights, entitling Plaintiff to actual and punitive and exemplary damages according to proof at trial.

**THIRD CLAIM**

**QUIET TITLE**

**(AS TO ALL DEFENDANTS)**

39. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 38 of this Complaint as though fully set forth herein.

40. Plaintiff is the owner of the Subject Property.

41. Plaintiff seeks to quiet title against the claims of Defendants as follows: Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through non-judicial foreclosure, when in fact, Plaintiff alleges on information and belief that Defendants have no right, title, interest, or estate in the Subject Property, and have no right to conduct a foreclosure sale as either beneficiary or trustee, and Plaintiff's interest is adverse to Defendants' claims that they have a right to ownership, to conduct a foreclosure sale and to possession of the Subject Property.

42. Plaintiff seeks to quiet title as of January 21, 2009.

43. Plaintiff therefore seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that Defendants, and each of them, be declared to have no estate, right, title, or interest in the Subject Property and that said Defendants and each of them, be forever enjoined from asserting any estate,

right, title, or interest in the Subject Property adverse to Plaintiff herein.

## FOURTH CLAIM

## FOR DECLARATORY RELIEF

## (AS TO ALL DEFENDANTS)

44. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 43 of this Complaint as though fully set forth herein.

45. Plaintiff alleges that an actual controversy exists as to the following issues.

46. Plaintiff contends that any loan agreements are void based on the facts as alleged herein, including but not limited to, Defendants' violation of disclosure requirements, and other statutory and common law duties, including the duty to refrain from fraudulent misrepresentation, unfair debt collection practices, and predatory lending. However, it is Defendants' contention that they had the right to pursue certain remedies, including but not limited to potential non-judicial foreclosure.

47. Plaintiff contends that any non-judicial foreclosure sale conducted by Defendants, and each of them, is improper, in that Defendants are not holders of an original Note secured by the Subject Property and are not holders of any properly endorsed assignment of the same original Note. However, it is Defendants' contention that they have the right to proceed with a non-judicial foreclosure sale of the Subject Property.

48. Plaintiff alleges that Defendants' actions have undermined her right to the Subject Property and have interfered, and continued to interfere, with Plaintiff's right of possession of the Subject Property.

49. Plaintiff desires a judicial determination of her rights and duties, and a declaration as to the validity of any loan transactions and the right of ownership and possession of the Subject Property.

50. Plaintiff alleges that a judicial declaration is necessary and appropriate



MW ROTH, PLC

at this time under the circumstances in order that Plaintiff and Defendants may ascertain their respective rights with respect to the Subject Property.

**FIFTH CLAIM**

**FOR INJUNCTIVE RELIEF**

**(AS TO ALL DEFENDANTS)**

51. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 50 of this Complaint as though fully set forth herein.

52. Upon proof of the actions set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case.

53. Plaintiff will be irreparably harmed by the sale of the Subject Property and will suffer even greater harm if Defendants are allowed to obtain possession of the Subject Property because the property is unique and cannot be replaced. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

54. Wherefore, Plaintiff requests that this Court grant to Plaintiff a Temporary Restraining Order, and Preliminary and Permanent Injunction under Code of Civ. Proc. Section 527 and California Rules of Court, Rule 3.1150, first, as to any action to obtain possession of the Subject Property, second, ordering Defendants to restore title and possession of the Subject Property to Plaintiff, and third, a Permanent Injunction precluding Defendants from engaging in the wrongful conduct identified herein in the future.

**SIXTH CLAIM**

**FOR AN ACCOUNTING**

**(AS TO ALL DEFENDANTS)**

55. Plaintiff realleges and incorporates by reference those allegations appearing in paragraphs 1 to 54 of this Complaint as though fully set forth herein.

56. Although Plaintiff, through her counsel has made demand for an accounting of the payments made by Plaintiff and the amounts Defendants allege is



MW ROTH, PLC

due, Defendants have failed and refused to provide such an accounting although they are legally obligated to do so.

57. Wherefore, Plaintiff requests that this Court order Defendants to provide a complete accounting of the loan, including, without limitation, all amounts borrowed, plus interest, charges, fees and costs, the amount paid and the amount Defendants allege is due.

**JURY DEMAND**

Plaintiff demands trial by jury.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment and order against Defendants, and each of them, as to each and every cause of action, jointly and severally, as follows:

ON THE FIRST AND SECOND CLAIMS:

1. Compensatory damages according to proof;
2. Special damages according to proof;
3. Punitive damages according to proof;

ON THE THIRD CLAIM:

4. For a judgment that Plaintiff is the owner in fee simple of the Subject Property and that Defendants have no interest in the property adverse to the Plaintiff;

ON THE FOURTH CLAIM:

5. That the attempted foreclosure of the Subject Property by Defendants, and each of them, be deemed illegal and void and the same be permanently enjoined;
6. That an order issue setting aside any such sale of the Subject Property by Defendants, and each of them, and declaring any such sale to be null and void and of no force and effect;
7. That an order issue that any purchaser from Defendants, and each of them,

MW ROTH, PLC

deliver their alleged deed to Subject Property to the court, and that any such deed be cancelled;

ON THE FIFTH CLAIM:

8. That a temporary injunction, a preliminary injunction, and a permanent injunction issue, enjoining Defendants, and each of them, including all persons acting under, for, or in concert with Defendants, from taking any action to obtain possession of or sell the Subject Property pending a determination on the merits of the case;

9. That a permanent injunction issue directing Defendants to transfer title of the Subject Property back to Plaintiff;

ON THE SIXTH CLAIM:

10. For an accounting;

ON ALL CLAIMS;

11. For reasonable attorney's fees, costs and disbursements in this action; and,

12. That such other and further relief the Court may deem just and proper be awarded as well.

Dated: January 21, 2009

MW ROTH, PLC

Mitchell W. Roth
Attorneys for Plaintiff

MW ROTH, PLC

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On January 21, 2009, I served the a true copy of

**FIRST AMENDED COMPLAINT**

by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Wright, Finlay, & Zak
4665 MacArthur Court, #280
Newport Beach CA 92660

John M Sorich
1 Mac Arthur Place #200
Santa Ana Ca 92707

[ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

TAWAINA WIGGINS