JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
CHASE HOME FINANCE LLC

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTI DIANE BARSEKIAN,

Plaintiff,

v.

FIRST AMERICAN LOANSTAR; CHASE HOME FINANCE, LLC,, DOES 1-50, INCLUSIVE,

Defendants.

**CASE NO.:** CV08-7540 CAS (PJWx)

**JUDGE:** Christina A. Snyder
**CRTRM:** "5"

**NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

**DATE:** March 23, 2009
**TIME:**. 10:00 a.m.
**CTRM:** "5"

**TO THE ABOVE-NAMED COURT AND TO PARTIES AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 23, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom "5" of the above-entitled court, defendant Chase Home Finance LLC ("Chase") will move the court to dismiss the First Amended Complaint of plaintiff Christi Diane Barsekian ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) on the grounds that it fails to

state a claim upon which relief can be granted. This motion is based on the following:

1. Plaintiff's claim for "Fraudulent Misrepresentation" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. Plaintiff's claim for "Fraudulent Inducement" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3. Plaintiff's claim for "Quiet Title" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4. Plaintiff's claim for "Declaratory Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5. Plaintiff's claim for "Injunctive Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6. Plaintiff's claim for "Accounting" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, and the pleadings and papers filed.

Counsel for Chase "met and conferred" with counsel for Plaintiff on February 3, 2008 by correspondence regarding the grounds for this Motion to Dismiss. Therefore, Chase has met the requirements of Local Rule 7-3. *See*, Local Rule 7-3.

DATED: February 9, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
CHASE HOME FINANCE LLC

**TABLE OF CONTENTS**

Page

**I.** SUMMARY OF ARGUMENT ..... 1

**II.** STATEMENT OF FACTS ..... 2

**III.** STANDARD FOR A MOTION TO DISMISS ..... 3

**IV.** PLAINTIFF FAILS TO STATE A CLAIM FOR "FRAUDULENT MISREPRESENTATION" ..... 3

**V.** PLAINTIFF FAILS TO STATE A CLAIM FOR "FRAUDULENT INDUCEMENT" ..... 6

**VI.** PLAINTIFF FAILS TO STATE A CLAIM TO "QUIET TITLE" ..... 7

**VII.** PLAINTIFF FAILS TO STATE A CLAIM FOR "DECLARATORY RELIEF" ..... 8

**A.** There Is No Controversy between Chase and Plaintiff Requiring a Judicial Declaration ..... 8

**B.** Even Assuming A Present Controversy Existed, Other Relief Is Available To Plaintiff Justifying The Denial Of The Declaratory Relief Claim ..... 9

**VIII.** PLAINTIFF FAILS TO STATE A CLAIM FOR "INJUNCTIVE RELIEF" ..... 10

**IX.** ACCOUNTING ..... 11

**X.** CONCLUSION ..... 11

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# TABLE OF AUTHORITIES

Page

**Cases**

*Ach v. Finkelstein* 264 Cal.App.2d 667, 674 (1968) .......... 3

*Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 (1968).......... 8

*Bachis,* 265 Cal.App.2d 726-728 (1968).......... 9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).......... 3

*Bess v. Park*, 132 Cal.App.2d 49, 53 (1955) .......... 8

*California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624.......... 10

*Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) .......... 8

*Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983) .......... 4

*Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 973-74 (1997).......... 6

*General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968).......... 9

*General of America Ins. Co.,* 258 Cal.App.2d at 470.......... 10

*Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968) .. 4

*Hill v. Wrather*, 158 Cal.App.2d 818, 825 (1958).......... 5

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).......... 4, 5

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).......... 11

*PacLink Communications Internat., Inc. v. Superior Court*, 90 Cal.App.4th 958, 963 (2001) .......... 5

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987).......... 10

*Service by Medallion, Inc. v. Clorox Co.* 44 Cal.App.4th 1807, 1818 (1996) .......... 5

*Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th 153, 157 (1991) .......... 4, 5

*Travers v. Louden*, 254 Cal.App.2d 926, 930 (1967) .......... 8

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## TABLE OF AUTHORITIES

Page

**Statutes**

California Civil Code ("CC") § 2924(a)(1) .......... 1

California Civil Code § 2924(a)(1) .......... 1

California Corporations Code § 17101 .......... 5

California Corporations Code, § 17000 .......... 5

CC § 2924(a)(1) .......... 1

Civil Code § 3333 .......... 5

**Treatises**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) .......... 4

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Chase Home Finance LLC ("Chase" or "Defendant") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss ("Motion") the First Amended Complaint ("FAC") of plaintiff Christi Diane Barsekian ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) on the grounds that the FAC fails to state a claim upon which relief can be granted.

## I. SUMMARY OF ARGUMENT

This case is but one of the thousands meritless lawsuits brought by the law firm of M.W. ROTH, P.L.C., ("Roth") on behalf of numerous borrowers. *See*, the Request for Judicial Notice ("RJN") filed in support of this Motion for a sampling of these "cookie cutter" lawsuits. The gravamen of Plaintiff's FAC is that Chase wrongfully commenced foreclosed upon the subject property.

Plaintiff's FAC, like the others filed, lacks any specific facts and is based upon the same repetitive, boilerplate jargon, namely, that Chase lacked the authority to commence foreclosure because it was "the holder of the Note" identified in the deed of trust. *See,* FAC. Plaintiff apparently contends that one who is not the holder of the promissory note cannot foreclose. This is simply incorrect.

Pursuant to California Civil Code § 2924(a)(1), foreclosure proceedings may be undertaken by "the trustee, mortgagee, or beneficiary, or <u>any of their authorized agents</u>." Civil Code § 2924(a)(1). Thus, Chase, as the servicing agent of the beneficiary was entitled to commence foreclosure upon Plaintiff's default pursuant to the power of sale provisions in the deed of trust securing the Loan.

Nevertheless, instead of alleging facts to support each of Plaintiff's nebulous claims, Plaintiff asserts pure legal conclusions and cryptic facts that are insufficient to put Chase on notice as to the alleged wrongdoing in the FAC.

Specifically, Plaintiff's claims for "fraudulent misrepresentation" and "fraudulent inducement" do not allege that Chase made any false representation to



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Plaintiff. Similarly, Plaintiffs' FAC fails to state claims for "unfair debt collection practices," "predatory lending practices," and "RICO violations" because Plaintiff fails to allege that Chase engaged in any wrongdoing.

Finally, Plaintiff's "quiet title" claim fails because Plaintiff does not make the essential factual allegations. Likewise, Plaintiff's "declaratory relief" and "injunctive relief" claims fail because Plaintiff does not allege the existence of any controversy, or demonstrate that Plaintiff will prevail on the merits of the claims.

Based upon the foregoing, the FAC fails to state a claim upon which relief can be granted, and therefore the Motion to Dismiss must be granted without leave to amend.

## II. STATEMENT OF FACTS

Stated below are facts relevant to this Motion which are either alleged in the FAC and those which the Court may take judicial notice:

- The real property which is the subject of this dispute is located at 537 North Orah Avenue, Montbello, California ("Subject Property"). *See*, FAC ¶ 1.
- Plaintiff obtained a mortgage in the sum of $481,000.00 ("Loan") in connection with the Subject Property. The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 3, 2006 with the Los Angeles County Recorder's Office as instrument number 06 2201199. The DOT identifies WMC Mortgage Corp. as the lender, MERS as beneficiary, and Westwood Associates, as the trustee. *See*, RJN, Exhibit 1.
- A Notice of Default and Election to Sell Under Deed of Trust ("NOD") in connection with the DOT was recorded on or about June 30, 2008 with the Los Angeles County Recorder's Office as document number 20081157486. The NOD indicates as of June 27, 2008 the amount in default was $12,131.12 and that to arrange for payment to stop the foreclosure Chase must be contacted. *See*, RJN, Exhibit 2.
- A Substitution of Trustee in connection with the DOT was recorded on or about

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

August 1, 2008 with the Los Angeles County Recorder's Office as instrument number 20081383142. First American Loanstar Trustee Services ("Loanstar") was substituted in as the new trustee under the Substitution of Trustee. *See*, RJN, Exhibit 3.

- An Assignment of Deed of Trust in connection with the DOT was recorded on or about August 8, 2008 with the Los Angeles County Recorder's Office as instrument number 20081428403. U.S. Bank National Association, as Trustee for JPMMAC 2006-WMC4, was assigned all beneficial interest in the DOT. *See*, RJN, Exhibit 4.
- A Notice of Trustee's Sale in connection with the DOT was recorded on or about October 3, 2008 with the Los Angeles County Recorder's Office as instrument number 20081776893. *See*, RJN, Exhibit 5.

## III. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) may be brought when a Plaintiff fail to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a Plaintiffs' obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR "FRAUDULENT MISREPRESENTATION"

Plaintiff's first claim for "fraudulent misrepresentation" asserted against Chase fails. The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the falsity (*scienter*), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage. *Ach v.*



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

*Finkelstein* 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).

Additionally, FRCP 9 has a specificity or particularity requirement. FRCP 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994). The *GlenFed* court interpreted 9(b) to require allegations not only the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements: "[t]o allege fraud with particularity a plaintiff must set forth more than the mutual facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statements or omissions complained are misleading." *Id.* at 1547-48.

The particularity requirement for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey*, *supra*, 220 Cal.App.3d at 73; *Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968). The rationale for this strict pleading requirement is not to merely provide notice to the defendant. "The idea seems to be that allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense . . . and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect." *Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983). Thus, each element of fraud must be alleged factually and specifically. *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th 153, 157 (1991).

In addition, to assert a fraud action against a corporation, a plaintiff must also

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

allege that names of the person or persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written[1]. *Id.* (Emphasis added).

Plaintiff must also specially plead the "detriment proximately caused" by defendant's tortious conduct. *Civil Code* § 3333. This requires specific factual allegations of both the injury or damage suffered and its causal connection with the Plaintiffs' reliance on the defendant's representations. *Service By Medallion, Inc. vs. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996). Deception without resulting loss is not actionable fraud. *Hill v. Wrather*, 158 Cal.App.2d 818, 825 (1958). "Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown." *Service by Medallion, Inc. v. Clorox Co.* 44 Cal.App.4th 1807, 1818 (1996).

Additionally, FRCP 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994). The *GlenFed* court interpreted 9(b) to require allegations not only the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements:"[t]o allege fraud with particularity a plaintiff must set forth more than the mutual facts necessary to identify the transaction. The plaintiff

---

[1] Chase is a limited liability company. *See*, Caption. A limited liability company is a hybrid between a partnership and a corporation, formed under the Corporations Code which, like a corporation, is an entity separate from its shareholders. *See*, California Corporations Code, § 17000; *PacLink Communications Internat., Inc. v. Superior Court*, 90 Cal.App.4th 958, 963 (2001). The general rule is regarding liability for that of a limited liability company follows that of a corporation, in that individual members are not liable for the debts or conduct of the entity. *See*, California Corporations Code § 17101. Thus, for purposes of imposing liability, the limited liability company can be equated with that of a corporation.

must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statements or omissions complained are misleading." *Id.* at 1547-48.

Plaintiff fails to plead that Chase made any false representation of a material fact. In fact, conspicuously absent from the FAC is any allegation that Chase made any representation at all to Plaintiff. *See,* FAC, ¶¶ 24-31. In support of the "fraud" claim, Plaintiffs simply allege that "Defendants and each of them, have represented that they had the right to payment under a Note." *See,* FAC, ¶ 25. Plaintiff does not plead with any degree of specificity what representation was made, to whom, by whom, when, or by what means such representations were tendered as required by *Stansfield.* Moreover, Plaintiff does not plead any facts demonstrating how Chase acted with a specific intent to defraud or injure Plaintiff. *See,* FAC, ¶¶ 24-31. Without this essential information pursuant to *Tarmann* and *Stansfield,* it is impossible to frame a response to such allegations.

Moreover, Plaintiff fails to allege the essential elements of justifiable reliance. In fact, Plaintiff does not plead any action Plaintiff took in reliance based upon the alleged misrepresentation, nor has Plaintiff pled what Plaintiff would have done differently had Plaintiff known that the alleged representation was false.

Because Plaintiff's claim does not even tangentially satisfy the particularity requirement for fraud under *Stansfield* and *Tarmann*, and because Plaintiff fail to plead all the elements of a fraud claim, the "Fraudulent Misrepresentation" claim is subject to dismissal.

## V. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR "FRAUDULENT INDUCEMENT"</u>

A cause of action for fraudulent inducement into contact in essence is a claim for promissory fraud, which is a subspecies of fraud and deceit. *See, Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 973-74 (1997). Like Plaintiff's "fraudulent misrepresentation" claim, Plaintiff's "fraudulent inducement" claim is

missing crucial elements. The only factual assertion made remotely in support of the action is a conclusory allegation that the "Defendants…failed to verify Plaintiff's ability to repay certain loans[.]" *See*, FAC, ¶ 33.

Plaintiff does not set forth any facts showing that a representative of Chase engaged in any of the acts alleged. *See,* FAC, ¶¶ 33-38. Nor does Plaintiff describe how, when, where, and why fraud occurred, what representations were made, how Plaintiff detrimentally relied on any representation by Chase, or that Chase intended to defraud Plaintiffs. *Id.* Without even a modicum of information as to how Chase purportedly committed "fraudulent inducement," Chase cannot respond to such vague allegations, and the claim must be dismissed.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## VI. <u>PLAINTIFF FAILS TO STATE A CLAIM TO "QUIET TITLE"</u>

Plaintiff's claim to "quiet title" also fails. In order to successfully allege a cause of action for quiet title, the complaint must be verified and allege: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. § 761.020.

<u>Plaintiff's FAC is not verified</u>. For this reason alone, the Motion to Dismiss must be granted. Cal. Civ. Proc. § 761.020. Plaintiff also fails to include a legal description of the Subject Property. *See,* FAC, ¶¶ 39-43.

Plaintiff fails to plead the third element of the quiet title claim, namely, that Chase has an adverse claim to title in the Subject Property. *See,* FAC, ¶¶ 39-43. Contrary to Plaintiff's allegations, at this time, Chase has no recorded interest in the property. *See,* RJN, Exhibits 1-5. Plaintiff also does not plead what interest Chase alleges to have in the Subject Property. *See,* FAC, ¶¶ 39-43.

Because Plaintiff cannot plead all the elements of the claim to quiet title, the claim must be dismissed.

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR "DECLARATORY RELIEF"

Plaintiff's claim for "declaratory relief" is subject to dismissal. In support of this claim, Plaintiff seeks a judicial declaration "of Plaintiff's rights and duties, and a declaration as to the validity of any loan transactions and Defendants' right to proceed with a non-judicial foreclosure of the subject property." *See*, FAC, ¶ 49. Plaintiff alleges that the "loan agreements are void" due to "defendant's violation of disclosure requirements." *See,* FAC, ¶ 46.

### A. There Is No Controversy between Chase and Plaintiff Requiring a Judicial Declaration

"[D]eclaratory relief being an equitable proceeding the trial court can in its discretion grant that relief in order to liquidate uncertainties and controversies which might result in future litigation." *Bess v. Park*, 132 Cal.App.2d 49, 53 (1955). Thus, it is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating ***future*** rights and liabilities between parties. [Emphasis added] *See Cardellini v. Casey*, 181 Cal.App.3d 389 (1986); *Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 (1968).

"There is unanimity of authority to the effect that the declaratory procedure operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before it leads to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them." *Travers v. Louden*, 254 Cal.App.2d 926, 930 (1967). In *Cardellini*, the court stated as a general rule that:

> "when the parties maintain a contractual relationship which will continue after resolution of the immediate dispute, and may give rise to additional claims, declaratory relief can help guide their future conduct and avoid multiple lawsuits." 181 Cal.App.3d at 396.

Moreover, where the "rights of the complaining party have crystallized into a cause of action for past wrongs," a decision to sustain a demurrer to a cause of action



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

for declaratory relief will be upheld. *See id.* at 397-398; *see also Bachis,* 265 Cal.App.2d 726-728 (1968). Thus, a court has the discretion to dismiss a cause of action for declaratory relief where there is no occasion to define the respective rights of the party which would govern the future conduct of the parties. *See id.*

Here, there is no occasion to define the respective rights of the parties to govern the *future* conduct of Plaintiff and Chase. By essentially seeking a judicial declaration that "as to the validity of any loan transactions and Defendants' right to proceed with a non-judicial foreclosure of the Subject Property," Plaintiff is improperly using the declaratory procedure to redress an alleged past wrong in connection with the loan transaction, rather than define *future* rights of the parties. *See*, FAC, ¶ 49. Indeed, by Plaintiff's own allegations, the wrongdoing alleged in the FAC, namely, the alleged disclosure violations already occurred. *Id.* Plaintiff alleges no continuing relationship, either contractual or otherwise, between Plaintiff and Chase justifying a declaration of future rights. *Id.* Accordingly, declaratory relief claim is unnecessary and improper because Plaintiff seeks an adjudication of "a cause of action for past wrongs," rather than to define the future conduct of the parties. *See, Cardellini.*

**B. <u>Even Assuming A Present Controversy Existed, Other Relief Is Available To Plaintiff Justifying The Denial Of The Declaratory Relief Claim</u>**

Even assuming *arguendo* that a relationship between Plaintiff and Chase existed that justifies a declaration of relating to the future conduct of the parties, Plaintiff's "declaratory relief" claim is unnecessary because other forms of relief are available to Plaintiff.

The availability of another form of relief will usually justify the refusal to grant declaratory relief. *See, General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968). A declaratory relief action will not lie to determine issues raised in other causes of action before the court. *California Insurance Guarantee Assoc. v.*



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

*Superior Court,* 231 Cal.App.3d 1617, 1623-1624 (1991). "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a first cause of action for the determination of identical issues." *General of America Ins. Co.,* 258 Cal.App.2d at 470. Thus, if the factual and legal underpinnings of the declaratory relief action involve the same issues as the main causes of action, the issues can be decided for all purposes in other causes of action before the court. *See id* at 470-471.

By Plaintiff's own allegations, it is clear from the FAC that the determination of issues which Plaintiff seeks in the claim for declaratory relief, namely, "Defendants' right to proceed with a non-judicial foreclosure of the subject property" is identical to that in the claim for "fraudulent misrepresentation." Under each claim, Plaintiff alleges that Chase had no right to commence foreclosure upon the Subject Property, despite Plaintiff's default, due to "fraudulent misrepresentation, unfair debt collection practices, and predatory lending." *See,* FAC, ¶¶ 44-50; *compare* FAC ¶¶ 24-31. Thus, the issues presented in each claim are identical and overlapping, and the "declaratory relief" claim does nothing to afford Plaintiff a new form of relief.

Because Plaintiff's FAC falls short of the necessary allegations to entitle Plaintiff to maintain an action for declaratory relief, and because the issues raised in the "declaratory relief" claim are identical to other claims in the FAC, the claim must be dismissed.

## VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR "INJUNCTIVE RELIEF"

An injunction can be issued only if Plaintiff demonstrates: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Plaintiff fails to show that Chase is liable under any of the claims asserted in the FAC, and consequently, it is unlikely that Plaintiff will prevail on the merits at trial as the underlying claims on which the injunction is based are defective.

Accordingly, the motion to dismiss the claim for injunctive relief must be granted without leave to amend.

## IX. ACCOUNTING

No cause of action for "Accounting" can be stated against Chase. To state a cause of action for accounting, a plaintiff must allege the existence of a fiduciary relationship, or accounts so complicated that an ordinary legal action demanding a fixed sum is impracticable. 5 Witkin, Cal. Proc. 4th (1997) Pleading, § 775, p. 233. The elements for a claim for accounting are: 1) the fiduciary relationship or other circumstances appropriate to the remedy, and 2) a balance due from the defendant to the Plaintiff that can only be ascertained by an accounting. See, Witkin, California Procedure, Pleadings, § 776, pg. 233 (4th ed.). Plaintiff's cause of action for accounting fails to state any trust, agency, partnership or similar relationship between Plaintiff and Chase. *See,* FAC, ¶¶ 55-57. Moreover, the second element of the accounting action requiring money owed from a defendant to Plaintiff is not satisfied because Plaintiff does not allege that Chase owes money to Plaintiff. *Id.*

## X. CONCLUSION

For these reasons, Chase respectfully requests that this Court grant the Motion to Dismiss the FAC in its entirety.

DATED: February 9, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
CHASE HOME FINANCE LLC

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On February 9, 2009, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 9, 2009, at Santa Ana, California.

/s/ Veronica Delgado

Veronica Delgado

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**SERVICE LIST**

*Christi Diane Barsekian v. First American, et al.*

USDC Case No. CV08-7540 CAS (PJWx)

Mitchell W. Roth, Esq.
M.W. ROTH, P.L.C.
13245 Riverside Drive, Suite 320
Sherman Oaks, CA 91423

Telephone: 818. 989.7888
Facsimile: 818.372.3547

**Attorneys for Plaintiff, Christi Diane Barsekian**

T. Robert Finlay, Esq.
Charles C. McKenna, Esq.
Wright, Finlay & Zak
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

Telephone: 949.477.5050
Facsimile: 949.477.9200

**Attorney for Defendant, First American Loanstar Trustee Services**